**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TELECOM NETWORK SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., and SPRINT CORP.,<br><br>Defendants. | Case No. 2:21-cv-00418-JRG |

**DEFENDANTS T-MOBILE USA, INC., T-MOBILE US, INC., AND SPRINT CORP.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants T-Mobile USA, Inc., T-Mobile US, Inc. (collectively, "T-Mobile"), and Defendant Sprint Corp. ("Sprint") (together with "T-Mobile," "Defendants") respectfully submit their answer and defenses in response to the Complaint for Patent Infringement that Plaintiff Telecom Network Solutions, LLC ("TNS" or "Plaintiff") has filed and served. Unless specifically admitted below, Defendants deny each and every allegation in the Complaint. To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation to any cause of action identified in the Complaint. Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint. Defendants further deny that Plaintiff is entitled to the relief requested or to any other relief. In responding to the Complaint, Defendants use the headings employed by Plaintiff strictly as a convenience to the Court, and do not admit any allegation made in, or inference suggested by,

1

such headings. They do not constitute any part of Defendants' Answer or any admission by Defendants as to the truth of the matters asserted. To the extent the headings of the Complaint are construed as allegations, they are each denied.

## ANSWER TO THE COMPLAINT

### THE PARTIES

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and, on that basis, deny them.

2.     Defendants admit that T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. Defendants admit that T-Mobile USA, Inc. may be served through its registered agent Corporation Service Company. Defendants deny the remaining allegations in paragraph 2.

3.     Defendants admit that T-Mobile US, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. Defendants admit that T-Mobile US, Inc. may be served through its registered agent Corporation Service Company.

4.     Defendants admit that Sprint Corp. is a Delaware corporation. Defendants admit that Sprint Corp. may be served through its registered agent Corporation Service Company. Defendants deny the remaining allegations of paragraph 4.

5.     Defendants admit that T-Mobile USA, Inc. is a wholly owned subsidiary of T-Mobile US, Inc.

6.     Defendants admit that Sprint Corp. is a wholly owned subsidiary of T-Mobile USA, Inc., which is a wholly owned subsidiary of T-Mobile US, Inc.

## NATURE OF THE ACTION

7.      Defendants admit that the Complaint for Patent Infringement filed by Plaintiff ("Complaint") purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Defendants deny the legal sufficiency of Plaintiff's claims and allegations and deny that the claim has merit. Defendants deny the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Defendants admit that the Court generally has subject-matter jurisdiction over patent infringement claims brought pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Defendants deny that the Complaint sets forth a valid or meritorious claim of patent infringement. Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that T-Mobile USA, Inc. has facilities in the State of Texas and has conducted business within the Eastern District of Texas. Defendants deny every allegation of paragraph 9 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 9 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 9.

10.     Defendants admit that T-Mobile USA, Inc. provides wireless services within the Eastern District of Texas. Defendants deny every allegation of paragraph 10 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 10 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 10.

11.     The website available at https://www.t-mobile.com/coverage/coverage-map speaks for itself. Defendants deny any allegation inconsistent with the language of the website and deny any of Plaintiff's characterizations of the website. Defendants deny every allegation of paragraph

11 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 11 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 11.

12.     The Complaint does not contain a numbered paragraph 12. To the extent Plaintiff included allegations in paragraph 12, but they were not reproduced in the Complaint that was served, Defendants lack information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny them.

13.     Defendants admit that T-Mobile USA, Inc. maintains an office building at 7668 Warren Parkway, Frisco, Texas 75034. The website at https://www.sprint.com/en/support/solutions/device/t-mobile-network-experience.html speaks for itself. Defendants deny any allegation inconsistent with its language and deny any of Plaintiff's characterizations of the website. Defendants deny every allegation of paragraph 13 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 13 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 13.

14.     The Complaint does not contain a numbered paragraph 14. To the extent Plaintiff included allegations in paragraph 14, but they were not reproduced in the Complaint that was served, Defendants lack information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny them.

15.     Defendants admit that T-Mobile USA, Inc. has employees who work in the State of Texas. Defendants deny every allegation of paragraph 15 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 15 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 15.

16.     The website at https://www.tmobile.careers/job-search/ speaks for itself. Defendants deny any allegation inconsistent with its language and deny any of Plaintiff's

characterizations of the website. Defendants deny every allegation of paragraph 16 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 16 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 16.

17.     The Complaint does not contain a numbered paragraph 17. To the extent Plaintiff included allegations in paragraph 17, but they were not reproduced in the Complaint that was served, Defendants lack information sufficient to form a belief as to the truth or falsity of such allegations and therefore deny them.

18.     Defendants admit that T-Mobile USA, Inc. provides wireless services within the Eastern District of Texas. Defendants deny every allegation of paragraph 18 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 18 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit that, as of the filing of the Complaint, defendant T-Mobile USA, Inc. provides wireless services within the Eastern District of Texas. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that the Complaint purports to accuse "the T-Mobile Network" of infringement of claim 1 of RE47,813 (the "'813 patent"), but deny the legal sufficiency of Plaintiff's claims and allegations and deny that the claim has merit. Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that T-Mobile USA, Inc. has facilities in the State of Texas and has conducted business within the Eastern District of Texas. Defendants deny every allegation of paragraph 21 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 21 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 21.

22.     For the purposes of this action only, and although other judicial districts are clearly more convenient, Defendants do not contest venue over T-Mobile USA, Inc. Defendants deny that they have committed infringing acts within this District, Texas or elsewhere. Defendants deny every allegation of paragraph 22 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 22 as it relates to Sprint Corp. Defendants deny the remaining allegations in paragraph 22.

23.     This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of written documents, those documents speak for themselves. Defendants deny any characterization of those documents inconsistent with their language. Defendants deny that T-Mobile US, Inc. transacts business in this District and deny that venue is proper in this District for T-Mobile US, Inc. Defendants deny that Sprint Corporation transacts business in this District and deny that venue is proper in this District for Sprint Corporation. Defendants deny the remaining allegations of paragraph 23.

24.     For the purposes of this action only, and although other judicial districts are clearly more convenient, Defendants do not contest venue as to T-Mobile USA, Inc. T-Mobile USA, Inc. denies that it has committed any acts of patent infringement in this District or elsewhere. T-Mobile USA admits that it has facilities in the State of Texas and has conducted business within the Eastern District of Texas. Defendants deny that venue as to T-Mobile US, Inc. or Sprint Corporation is proper in this judicial district, and deny that T-Mobile US, Inc. or Sprint Corporation have a regular and established place of business in this judicial district. Defendants deny that either T-Mobile US, Inc. or Sprint Corporation has committed any acts of infringement in this judicial district or elsewhere. Defendants further deny that either T-Mobile US, Inc. or Sprint Corporation makes,

6

uses, sells, offers to sell, and/or imports products and/or services accused of infringement in this case into and/or within this judicial district. Defendants further deny that either T-Mobile US, Inc., or Sprint Corporation maintains a permanent and/or continuing presence within this judicial district. Defendants further deny that either T-Mobile US, Inc. or Sprint Corporation has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this judicial district. Defendants deny that either T-Mobile US, Inc. or Sprint Corporation have committed any acts of patent infringement in this District or elsewhere. Defendants deny the remaining allegations of paragraph 24.

25.     For purposes of this action only, Defendants do not contest that T-Mobile USA, Inc. is subject to specific personal jurisdiction in this Court. T-Mobile USA admits that it has facilities in the State of Texas and has conducted business within the Eastern District of Texas. T-Mobile USA, Inc. denies that it has committed any acts of patent infringement in this District or elsewhere. Defendants deny that T-Mobile US, Inc. is subject to personal jurisdiction in this Court. Defendants deny that Sprint Corp. is subject to personal jurisdiction in this Court. Defendants further deny that they have committed acts of infringement in Texas, this District or elsewhere. Defendants deny the remaining allegations of paragraph 25.

26.     Defendants admit that T-Mobile USA, Inc. transacts business in this District. Defendants deny that T-Mobile USA, Inc. has committed acts of infringement in Texas, this District or elsewhere. Defendants deny that T-Mobile US, Inc. is subject to personal jurisdiction in this Court and deny that it has transacted or conducted business within this District or committed any acts of infringement. Defendants deny that Sprint Corp. is subject to personal jurisdiction in this Court and deny that it has transacted or conducted business within this District or committed any acts of infringement. Defendants deny the remaining allegations of paragraph 26.

27.     Defendants admit that T-Mobile USA, Inc. transacts business in this District. Defendants deny that T-Mobile US, Inc. has placed products or services into the stream of commerce with the expectation that they will be purchased and used by customers in this District or elsewhere in Texas. Defendants deny that Sprint Corp. is subject to personal jurisdiction in this Court and deny that it has placed products or services into the stream of commerce with the expectation that they will be purchased and used by customers in this District or elsewhere in Texas. Defendants deny the remaining allegations of paragraph 27.

28.     Paragraph 28 consists largely of legal conclusions and allegations, to which no response is required. To the extent that a response is necessary, Defendants deny the allegations in paragraph 28.

29.     Paragraph 29 consists largely of legal conclusions and allegations, to which no response is required. To the extent that a response is necessary, Defendants deny the allegations in paragraph 29.

## BACKGROUND

30.     Defendants admit that T-Mobile USA, Inc. operates a wireless communications network in the Eastern District of Texas and in the United States.  Defendants deny every allegation of paragraph 30 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 30 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 30.

31.     Defendants admit that T-Mobile USA, Inc. operates a wireless network that includes base stations that communicate with mobile devices. The website available at https://www.t-mobile.com/coverage/coverage-map speaks for itself, and Defendants deny any allegation inconsistent with its language and deny any of Plaintiff's characterizations of the website. Defendants deny every allegation of paragraph 31 as it relates to T-Mobile US, Inc.

8

Defendants deny every allegation of paragraph 31 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 31.

32.     Defendants admit that T-Mobile USA, Inc. re-sells mobile devices at retail stores and on its website that may communicate using T-Mobile USA, Inc.'s networks. Defendants deny every allegation of paragraph 32 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 32 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 32.

33.     Defendants admit that T-Mobile USA, Inc. operates a wireless network that provides 5G, 4G LTE and 3G/2G capabilities. Defendants deny every allegation of paragraph 33 as it relates to T-Mobile US, Inc. Defendants deny every allegation of paragraph 33 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 33.

34.     Defendants admit that T-Mobile USA, Inc. provides services that may use its networks and that its networks may have 5G capabilities in some locations and depending upon conditions. The website at https://www.t-mobile.com/ speaks for itself, and Defendants deny any allegation inconsistent with its language and deny any characterizations of the website inconsistent with its text. Defendants deny the remaining allegations of paragraph 34.

35.     Defendants admit that T-Mobile USA, Inc. provides services that may use its network and that its network may have 5G capabilities, in some locations and depending upon conditions. The website at https://www.t-mobile.com/news/network/ready-for-a-road-trip speaks for itself, and Defendants deny any allegation inconsistent with its language and deny any characterizations of the website inconsistent with its text. Defendants deny the remaining allegations of paragraph 35.

36.     Defendants admit that T-Mobile USA, Inc. provides communication services that use its wireless networks and may include 5G coverage, in some locations and depending upon conditions.     The     document     at     https://wholesale.t-mobile.com/docs/default-source/crc-content/customer-connections/1q-2021-5g-customer-webinar-february-2021.pdfwebsite     speaks for itself, and Defendants deny any allegation or characterization inconsistent with its text. Defendants deny the remaining allegations of paragraph 36.

37.     Defendants admit that T-Mobile USA, Inc. provides communication services that use its wireless networks and may include 5G coverage coverage, in some locations and depending upon conditions. The document at https://www.t-mobile.com/coverage/4g-lte-5g-networks and the document     at     https://wholesale.t-mobile.com/docs/default-source/crc-content/customer-connections/1q-2021-5g-customer-webinar-february-2021.pdf speak for themselves, and Defendants deny any allegation inconsistent with their language and deny any characterizations inconsistent with their text. Defendants deny the remaining allegations of paragraph 37.

38.     The website at https://www.t-mobile.com/coverage/coverage-map speaks for itself, and Defendants deny any allegation inconsistent with its information. Defendants deny the remaining allegations of paragraph 38.

39.     The website at https://www.t-mobile.com/coverage/4g-lte-5g-networks speaks for itself, and Defendants deny any allegation inconsistent with its text. Defendants deny the remaining allegations of paragraph 39.

40.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 40.

41.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 41.

42.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 42.

43.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 43.

44.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 44.

45.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 45.

46.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 46.

47.    The    website    at    https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. The website at https://www.cisa.gov/wireless-priority-service-wps speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 47.

48.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 48.

49.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 49.

50.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants admit that T-Mobile USA, Inc. customers must agree to Terms and Conditions of Service. Defendants deny the remaining allegations of paragraph 50.

51.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 51.

52.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 52.

53.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 53.

54.     The     website     at     https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 54.

55.     The website at https://www.t-mobile.com/cell-phone-plans/affordable-data-plans speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 55.

56.     The website at https://www.t-mobile.com/cell-phone-plans speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 56.

57.     Defendants admit that T-Mobile USA, Inc. may prioritize the data usage in some circumstances as set forth in the Terms and Conditions of Service.  Defendants deny every allegation of paragraph 57 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 57 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 57.

58.     The website at https://www.t-mobile.com/cell-phone-plans/affordable-data-plans speaks for itself.  Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 58.

59.     Defendants admit that, in certain circumstances, T-Mobile USA, Inc. may prioritize data. The website at https://www.t-mobile.com/cell-phone-plans speaks for itself.  Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 59.

60.     The allegations in paragraph 60 contain vague and conditional language to which Defendants cannot respond without clarification. Accordingly, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 and denies them on that basis.

61.     Defendants admit that T-Mobile USA, Inc. operates a wireless network that includes base stations. Defendants deny every allegation of paragraph 61 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 61 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 61.

62.     The allegations in paragraph 62 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 and denies them on that basis. Defendants deny every allegation of paragraph 62 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 62 as it relates to Sprint Corp.

63.     The allegations in paragraph 63 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 and denies them on that basis. Defendants deny every allegation of paragraph 63 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 63 as it relates to Sprint Corp.

64.     The allegations in paragraph 64 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 and denies them on that basis. Defendants deny every allegation of paragraph 64 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 64 as it relates to Sprint Corp.

65.     The     document     at     https://wholesale.t-mobile.com/docs/default-source/crc-content/customer-connections/1q-2021-5g-customer-webinar-february-2021.pdf speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 65.

66.     Defendants admit that T-Mobile USA, Inc. operates a wireless network that includes a number of components. Defendants deny every allegation of paragraph 66 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 66 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 66.

67.     The allegations in paragraph 67 contain vague language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 and denies them on that basis. Defendants deny every allegation of paragraph 67 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 67 as it relates to Sprint Corp.

68.     The allegations in paragraph 68 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 and denies them on that basis. Defendants deny every allegation of paragraph 68 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 68 as it relates to Sprint Corp.

69.     The allegations in paragraph 69 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 and denies them on that basis. Defendants deny every allegation of paragraph 69 as

it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 69 as it relates to Sprint Corp.

70.    The allegations in paragraph 70 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 and denies them on that basis. Defendants deny every allegation of paragraph 70 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 70 as it relates to Sprint Corp.

71.    The allegations in paragraph 71 contain vague and conditional language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and denies them on that basis. Defendants deny every allegation of paragraph 71 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 71 as it relates to Sprint Corp.

72.    The allegations in paragraph 72 contain vague language to which Defendant T-Mobile USA, Inc. cannot respond without clarification. Accordingly, T-Mobile USA, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 and denies them on that basis. Defendants deny every allegation of paragraph 72 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 72 as it relates to Sprint Corp.

73.    Defendants admit that, on its face, version 15.5.0 of 3GPP TS 23.203 is titled, "Technical Specification Group Services and System Aspects; Policy and charging control architecture (Release 15)" and dated June 2019 ("TS 23.203"). Defendants deny any remaining allegations in paragraph 73.

74.     TS 23.203 speaks for itself, and Defendants deny any allegation inconsistent with its text.

75.     Defendant T-Mobile USA, Inc. admits that its wireless communications networks may comply with certain portions of the 3GPP standards. T-Mobile USA, Inc. denies the remaining allegations in this paragraph. Defendants deny every allegation of paragraph 75 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 75 as it relates to Sprint Corp.

76.     The document at http://docs.fcc.gov/public/attachments/FCC-12-68A3.txt speaks for itself. Defendants deny any allegations inconsistent with its text. Defendants deny the remaining allegations of paragraph 76.

77.     The NPSTC website speaks for itself. Defendants deny any allegation inconsistent with its language. In addition, the allegation that Defendants "comply with the requirements of the NPSTC" is vague, and Defendants therefore lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 and deny them on that basis. Defendants deny every allegation of paragraph 77 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 77 as it relates to Sprint Corp.

78.     The allegations in paragraph 78 are internally inconsistent. Footnote 62 refers to Version 16.1.0 (which is Release 16) and then improperly defines that document as to Release 15. Defendants therefore. lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 and deny them on that basis.

79.     T-Mobile USA, Inc. admits that its wireless communications networks may comply with certain portions of the 3GPP standards. T-Mobile USA, Inc. denies the remaining allegations in this paragraph. Defendants deny every allegation of paragraph 79 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 79 as it relates to Sprint Corp.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE47,813

80.     Defendants admit that, on its face, U.S. Patent No. RE47,813 ("the '813 patent") is titled "Feedback Loop for Dynamic Network Resource Allocation" and states it was re-issued on January 14, 2020. Defendants deny the remaining allegations in paragraph 80.

81.     Paragraph 81 consists largely of legal conclusions and allegations, to which no response is required. The specification of the '813 patent speaks for itself. Defendants deny any allegation inconsistent with the specification. Defendants deny that the '813 patent claims patent-eligible subject matter, and they further deny that the '813 patent is valid and/or enforceable.

82.     Paragraph 82 contains legal conclusions and allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that it holds all rights, title, and interest in and to the '813 patent, and Plaintiff's allegations that Defendants are not licensed, and therefore denies those allegations. Defendants deny that they have committed any acts of infringement and deny that TNS has been injured. Defendants deny the remaining allegations of paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Plaintiff appears to have reproduced Claim 1 of the '813 patent. Defendants deny that the Complaint sets forth a valid or meritorious claim of patent infringement. Defendants deny the remaining allegations of paragraph 85.

86.     Defendants deny the allegations in paragraph 86 that Defendants implement the method of Claim 1. The websites at https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service; https://www.t-mobile.com/responsibility/legal/terms-and-conditions; https://www.t-mobile.com/cell-phone-plans/affordable-data-plans; https://www.t-

mobile.com/cell-phone-plans; https://www.t-mobile.com/offers/mydatausage speak for themselves. T-Mobile USA denies any allegation inconsistent with its language of those websites. Defendants deny every allegation of paragraph 86 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 86 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88. The websites at https://www.t-mobile.com/cell-phone-plans/affordable-data-plans; https://www.t-mobile.com/cell-phone-plans; https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service; https://www.t-mobile.com/responsibility/legal/terms-and-conditions; https://www.t-mobile.com/support/plans-features/data-speeds speak for themselves. T-Mobile USA denies any allegation inconsistent with its language of those websites. Defendants deny every allegation of paragraph 88 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 88 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90. The websites at https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service; https://www.t-mobile.com/responsibility/legal/terms-and-conditions; https://www.t-mobile.com/support/plans-features/data-speeds; https://www.t-mobile.com/cell-phone-plans speak for themselves. T-Mobile USA denies any allegation inconsistent with its language of those websites. Defendants deny every allegation of paragraph 90 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of paragraph 90 as it relates to Sprint Corp. Defendants deny the remaining allegations of paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95. The websites at https://www.t-mobile.com/responsibility/consumer-info/policies/internet-service;     and     https://www.t-mobile.com/responsibility/legal/terms-and-conditions  speak  for  themselves.  T-Mobile  USA denies any allegation inconsistent with its language of those websites. Defendants deny every allegation of paragraph 95 as it relates to T-Mobile US, Inc. Defendants also deny every allegation of  paragraph  95  as  it  relates  to  Sprint  Corp.  Defendants  deny  the  remaining  allegations  of paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants admit that the Complaint has demanded a trial by jury.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Complaint, or any other relief. Defendants deny each and every allegation in the prayer for relief.

## GENERAL DENIAL

Any allegations in the Complaint not admitted, denied, or explained, are denied by Defendants. Defendants specifically deny that Plaintiff is entitled to any relief whatsoever from Defendants. The headings herein track those used in the Complaint and are for convenience only. They do not constitute any part of Defendants' Answer or any admission by Defendants as to the truth of the matters asserted.  To the extent the headings of the Complaint are construed as allegations, they are each denied.

## ADDITIONAL DEFENSES

Defendants assert the following defenses. Defendants reserve the right to assert additional defenses that become known as this action proceeds. By enumerating these additional defenses, Defendants do not assume the burden of proof on any issue that is not assigned to Defendants under substantive patent law or other applicable law.

## FIRST DEFENSE
### (Non-Infringement of the '813 patent)

1.      Defendants do not infringe, any valid and enforceable claim of the '813 Patent, in any manner under any section of 35 U.S.C. § 271 including 35 U.S.C. § 271(a), (b), (c), and/or (f), either alone or jointly with any other entity.  Defendants have not performed any act and are not proposing to perform any act in violation of any rights validly belonging to TNS.

2.      Defendants do not indirectly infringe any asserted claim and, in particular, do not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

21

3.      Defendants do not supply any component that contributes to infringement of any valid claim.

## SECOND DEFENSE
### (Invalidity and Ineligibility of the '813 patent)

4.      Plaintiff's claims are barred because the claims of the '813 patent are invalid and/or patent ineligible for failure to comply with the conditions of patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 120, 132, 251, and/or 256.

5.      The claims of the '813 patent are invalid under § 112 for being indefinite because the specification fails to disclose or sufficiently describe the structure for performing the claimed functions.

6.      The claims of the '813 patent are invalid under § 101 because they claim a patent ineligible abstract idea lacking any inventive concept.

7.      The claims of the '813 patent are anticipated and/or made obvious under §§ 102 and 103 by prior art methods and systems. By way of example, and without limitation, the asserted claims of the '813 patent are invalid at least in view of EP 1855429, U.S. Publication No. 2006/0229014A, U.S. Publication No. 2008/0049639, U.S. Patent No. 10,749,700 to Raleigh et al. entitled "Device-assisted services for protecting network capacity"; U.S. Patent No. 10,985,977 to Raleigh et al. entitled "Quality of service for device assisted services"; U.S. Patent 8,560,366 to Mikurak entitled "Technology sharing during demand and supply planning in a network-based supply chain environment"; U.S. Patent No. 8,185,088 to Klein et al. entitled "Mobile device leasing with customized operational features"; and U.S. Patent No. 8,873,547 to Marshall et al. entitled "Method for performing gate coordination on a per-call basis."

**THIRD DEFENSE**
**(Limitation on Damages)**

8.      Plaintiff's claim for damages, if any, against Defendants for any or all alleged infringement of the asserted patents is limited by 35 U.S.C. §§ 286 and 287. Plaintiff is prohibited from recovering damages for activities alleged to have occurred before Plaintiff provided notice of infringement under § 287, including its failure to mark.

9.      Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**FOURTH DEFENSE**
**(Failure to State a Claim)**

10.      The Complaint has failed to state a claim upon which relief can be granted.

**FIFTH DEFENSE**
**(Lack of Personal Jurisdiction and Improper Venue)**

11.      The venue for this action is improper for Sprint Corp. under 35 U.S.C. §1400, which is the sole and exclusive venue provision, and claims against Sprint Corp. should be dismissed or transferred.

12.      Venue in this action is improper for T-Mobile US, Inc. under 35 U.S.C. § 1400, which is the sole and exclusive venue provision, and claims against T-Mobile US, Inc. should be dismissed or transferred.

13.      The Court lacks personal jurisdiction over Sprint Corp. and T-Mobile US, Inc. because there is no general personal jurisdiction, and there is no specific personal jurisdiction.

**SIXTH DEFENSE**
**(FRAND Obligation)**

14.      If the claims of the '813 patent are infringed by the practice of the standards, Defendants also have an implied license to the '813 patent because of the covenants and

representations that inventors and/or assignees of the '813 patent at the time of filing, made during the adoption of standards-setting process to license the '813 patent at FRAND rates.

15.     The face of the '813 patent identifies that Redknee Inc. was the applicant and the first named inventor was Bohdan Zabawskyj. Mr. Zabawskyj was the CTO of Redknee Inc. for over 10 years.  Both Mr. Zabawskyj and Redknee Inc. are identified in various 3GPP working group meetings during the standard setting process. Specifically, Mr. Zabawskyj is identified as having participated in a 3GPP TSH_CN Working Group from 8-12 July 2002.[1] Redknee Inc. is also identified as a supporting individual member of the 3GPP SA Working Group associated with User Plane Congestion Management (3GPP TR 21.900) on 16-20 May 2011.[2]  Upon information and belief, Redknee Inc. directly contributed to other additional working group meetings that related to the 3GPP TS 23.203 standard identified in the Complaint.

16.     If the claims of the '813 patent are valid and infringed and are in fact essential to practice standards, Plaintiff is breaching its agreement to license the '813 patent on FRAND terms to the extent that it seeks anything more than a FRAND rate from Defendants and separately because Plaintiff did not offer a license to Defendants on FRAND terms prior to the filing of a lawsuit.

17.     If the claims of the '813 patent are valid and infringed and are essential to practice standards, then Defendants would also understand a FRAND license to the '813 patent to be no more than any prior licensee of the '813 patent has paid for a license to the '813 patent.

18.     To the extent that Plaintiff seeks more from Defendants than its prior licensees paid, it is breaching Plaintiff's agreement to license the '813 patent to Defendants on FRAND terms and

---

[1] ftp://www.3gpp.org/tsg_cn/TSG_CN/TSGN_17/Docs/PDF/NP-020422.pdf
[2] https://www.3gpp.org/DynaReport/TDocExMtg--S2-85--28771.htm

thus engaging in wrongful conduct that should render the '813 patent unenforceable and/or should estop Plaintiff from seeking anything other than FRAND rates.

19.     To the extent that Plaintiff's request for "other relief . . . in equity" in the Complaint's Prayer For Relief can be interpreted to request an injunction for patents subject to its FRAND obligations, Plaintiff is breaching Plaintiff's agreement to license the '813 patent to Defendants on FRAND terms and thus engaging in wrongful conduct that should render the '813 patent unenforceable and/or should estop Plaintiff from seeking any monetary relief.

**SEVENTH DEFENSE**
**(Damages Limited to FRAND Obligations)**

20.     As stated above, upon information and belief, the '813 patent is subject to FRAND obligations.

21.     Any damages related to infringement of the '813 patent should be no more than any prior licensee of the '813 patent has paid for a license to the '813 patent.

**EIGHTH DEFENSE**
**(Lack of Standing)**

22.     To the extent that Plaintiff did not, or does not, hold all substantial rights, title, and interest to the '813 patent, Plaintiff lacks standing to bring, or maintain, this lawsuit in connection with such patent.

**NINTH DEFENSE**
**(Equitable Defenses)**

23.     Plaintiff's claims for relief are limited and/or barred in whole or in part by the doctrines of prosecution history estoppel, equitable estoppel, unclean hands, waiver, implied waiver, acquiescence, disclaimer and/or other equitable defenses.

25

**TENTH DEFENSE**
**(Ensnarement)**

24.     To the extent that Plaintiff claims infringement of one or more claims of the patent-in-suit under the doctrine of equivalents, Plaintiff's claims are barred under the ensnarement doctrine, which prohibits Plaintiff from asserting an infringement theory under the doctrine of equivalents that encompasses or ensnares the prior art.

**ELEVENTH DEFENSE**
**(License and Exhaustion)**

25.     Plaintiff's claims for relief are barred in whole or in part by license or exhaustion, express or implied, and/or restrictions on double recovery.

**TWELFTH DEFENSE**
**(Improper Joinder)**

26.     Plaintiff improperly joined Defendants because Plaintiff has not alleged the named Defendants all took part in the same transaction, occurrence, or series of transactions or occurrences

**THIRTEENTH DEFENSE**
**(Reservation of Defenses)**

27.     Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including, but not limited to, those related to the unenforceability of any claim of the '813 patent based on inequitable conduct, as may be determined through discovery and further factual investigation in this actions.

**<u>COUNTERCLAIMS FOR DECLARATORY RELIEF</u>**

In further response to the Complaint, and without admitting the burden of proof on any issues, T-Mobile USA, Inc., ("T-Mobile USA") alleges as follows:

## PARTIES

1.      T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006.

2.      According to TNS's allegations in this action, counterclaim defendant Telecom Network Solutions, LLC is a Texas limited liability company with a principal place of business at 3701 Kirby Dr., Suite 1000, Houston, Texas 77098.

## JURISDICTION AND VENUE

3.      By filing its Complaint, TNS consented to the personal jurisdiction of this Court.

4.      These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1331, and 1338.

5.      Venue over these counterclaims is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because TNS has consented to venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## FIRST COUNT
## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE RE47,813 PATENT

6.      T-Mobile USA repeats and realleges each and every allegation set forth in the foregoing Paragraphs as if fully set forth herein.

7.      T-Mobile USA counterclaims against TNS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

8.      In its Complaint, TNS alleges that Defendants are infringing the RE47,813 patent (the "'813 patent") and that the '813 patent is valid and enforceable.

9.      An actual controversy exists between TNS and T-Mobile USA by virtue of the allegations in TNS's Complaint, and Defendants' Answer, as to the validity and infringement of the asserted claims of the '813 patent.

10.      Defendants have not infringed any asserted claim of the '813 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

### SECOND COUNT
### DECLARATORY JUDGMENT OF INVALIDITY OF THE RE47,813 PATENT

11.      T-Mobile USA repeats and realleges each and every allegation set forth in the foregoing Paragraphs as if fully set forth herein.

12.      The asserted claims of the '813 patent are invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112, as alleged above.

13.      T-Mobile USA is entitled to judgment that they do not infringe any asserted claims of the '813 patent and that the asserted claims of the '813 patent are invalid.

### PRAYER FOR RELIEF

For these reasons, Defendants respectfully requests that the Court:

a.      Dismiss Plaintiff's claims against Defendants with prejudice;

b.      Deny all relief that Plaintiff seeks in its Complaint against Defendant;

c.      Rule in favor of Defendants on all affirmative defenses;

d.      Render judgment that Plaintiff takes nothing by this action;

e.      Render judgment declaring that no valid claim of the '813 patent has been infringed by Defendants;

f.      Render judgment declaring that each and every asserted claim of the '813 patent is invalid;

g.      Determine that this case is exceptional pursuant to 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees, costs, and prejudgment interest; and

h.      Award Defendants any such other and further relief as the Court may deem just.


Dated: January 18, 2022                           Respectfully submitted,

                                                  By:    /s/ Robert W. Weber
                                                  **ROBERT W. WEBER**
                                                  Texas State Bar No. 21044800
                                                  E-mail: bweber@smithweber.com

                                                  **SMITH WEBER, L.L.P.**
                                                  5505 Plaza Drive
                                                  Texarkana, TX 75503
                                                  TEL:  903-223-5656
                                                  FAX:  903-223-5652

                                                  By:    /s/ Theodore J. Angelis
                                                  **THEODORE J. ANGELIS**
                                                  Washington State Bar No. 30300
                                                  E-mail:  theo.angelis@klgates.com

                                                  **K&L GATES LLP**
                                                  925 Fourth Avenue, Suite 2900
                                                  Seattle, WA 98104
                                                  Telephone: (206) 623-7580
                                                  Facsimile: (206) 370-6006

                                                  *Attorneys for Defendants T-Mobile USA, Inc.;*
                                                  *T-Mobile US, Inc., and Sprint Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2022, the foregoing was served via electronic filing through the Court's CM/ECF system on all counsel of record who have consented to electronic service.

  /s/ Theodore J. Angelis
